## Powell's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*Edward P. Loughran,* for exceptants.

*Cuthbert W. Latta* and *David F. Maxwell,* contra.

HUNTER, J., December 1, 1944.—This is a petition by trustees for leave to sell the stock which the estate holds in the Powell Knitting Company to Ralph C. Powell, decedent's son, who is president and manager of the corporation. The estate owns 2,520 shares out of a capitalization of 5,000 shares. The master has recommended the sale, and exceptions to his report have been filed by George R. Powell, another son of decedent, and by his two adult children, who are life tenant and remaindermen, respectively, in part of these shares. All other interests, including decedent's widow and daughters, and the guardian and trustee ad litem for minor and unascertained interests, approve the sale.

The exceptions question the authority of the trustees to make the sale, and as well the adequacy of the price.

Both sons were employed in the business in decedent's lifetime. George, the exceptant, became president on July 30, 1941, immediately after the death of decedent, and resigned June 11, 1942. He was indebted

to the corporation in the sum of $43,000 by reason of his unauthorized withdrawal of corporate funds, the facts with respect to which are recited in the adjudication of Stearne, J., filed December 11, 1942.

Ralph, the proposed purchaser, has been president since June 11, 1942.

By item 18 of the will testator provided as follows:

"Item 18. It is also my desire that my stock in the POWELL KNITTING COMPANY shall be withheld from sale so long as the holding of said stock can be of benefit or use to my sons and they or any of them are able, willing and competent to conduct and manage the business of said company profitably. If no one of my sons desires to continue in the management of the business of said Company, or is not competent or becomes incompetent or for any reason unable to conduct or manage said business profitably, then my Executors and Trustees in their discretion may either continue to hold said stock or sell the same in any way in their judgment they may deem best."

And by codicil dated October 8, 1917, as follows:

"It is my desire and wish that my sons, or either of them who shall remain with the Powell Knitting Company or any subsidiary thereof shall vote my stock of that Company or any subsidiary, at any time that may be necessary."

There was considerable discussion at the argument as to whether these provisions are mandatory or precatory. Assuming that the eighteenth item of the will is mandatory, as contended by exceptants, we cannot give it the effect they desire, to wit, that it was designed for the protection and welfare of decedent's entire family. In our opinion, it is manifestly a provision for the exclusive benefit of the sons, and permits them to continue in the business if they desire to do so. It is a personal right and cannot be controlled by the other. of them or by the parties in interest. It is a right which can be

waived by either of the sons, and under the carefully-drawn provisions of the will it can be forfeited by reason of incompetency or lack of ability to manage the business profitably.

We agree in the conclusion of the master that George R. Powell has by his conduct, and by his resignation, forfeited his right to manage the business, and we see no reason why Ralph C. Powell should not waive his right if such waiver is necessary to consummate the sale of the stock.

The important thing for us to consider is whether Ralph C. Powell is using this clause of the will to obtain the stock below its actual value. While he may not express it in so many words, he has taken the position that the sale shall be made to him or to no one. That is his right, however, so long as he displays his competency and ability to manage the business, and the author of this situation is testator himself, whose solicitude for his sons caused him to give them this advantage. Both the master and the court because of this circumstance have closely scrutinized the evidence as to the value of the stock and given careful consideration to the interest and advantage of all parties in the sale. The details of evidence are recited in the master's report; they need not be repeated in this opinion.

The stock is of a highly speculative nature and is not proper for trust investment. The competition in the business of the corporation is keen. Its machinery is outdated and must be modernized at the earliest opportunity after the war, at an estimated cost of $300,000; its high cost of production must be cut down to meet modern competitors. No dividends have been declared since 1926; earnings since 1938 and during the period of the war have averaged $4.50 per annum, but the judgment of the management was that all cash was needed for the protection of the corporation.

The proposed sale is at $50 per share and the master has found as a fact that that is the present value of

the stock. The trustees and a substantial majority of the beneficiaries are also of the opinion that this represents fair value. Under item 18, all restrictions having been removed, the trustees have discretion to "sell the same in any way in their judgment they may deem best". We are loath to interfere with the discretion of the trustees in taking advantage of this opportunity to rid the estate of a speculative enterprise, the proceeds of which can be invested in income-producing securities. No higher offer has been received for the stock and no substantial evidence was presented that a higher price could be obtained.

In our opinion, the interest and advantage of all parties in interest demand that the stock be sold as a whole. If the part of the stock in the separate trust for the exceptants were omitted from the sale, the balance would be a minority interest and would not carry control of the corporation. Obviously, the price which could be obtained would be less. While in the mechanics of setting up the trusts under the will the stock was divided among them, testator treated it as a unit and the discretion of the trustees extends to all of it.

We commend the master, Raymond M. Remick, Esq., upon the form of his report and supplemental report, especially in his application of Local Rule 8 (E) and Hays' Estate, 33 D. & C. 153, which require a reëxamination and full consideration of exceptions seriatim. It can well be used as a model for practice in this court.

The exceptions are dismissed (other than exception 21, which the master sustained pro forma) and the findings of fact, conclusions of law, and recommendations of the master are confirmed and adopted.